UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOYCE MICHELLE DYER,

    Plaintiff,

v.

UNKNOWN FEMALE PIERCE COUNTY DISTRICT COURT CLERK,

    Defendant.

Case No.  C05-5693FDB

SECOND ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

    On October 20, 2005, the clerk received plaintiff's complaint. (Dkt. #1).  That same day, the clerk sent plaintiff a letter informing her that she must either pay the $250.00 court filing fee or submit a proper application to proceed *in forma pauperis* by November 25, 2005, or this matter could be subject to dismissal. (Dkt. #3).  On November 18, 2005, the clerk received an *in forma pauperis* application from

ORDER
Page - 1

plaintiff. On December 5, 2005, the court issued an order to show cause (Dkt. #5), finding that plaintiff's application contained the following deficiencies.

    Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of her account for the six-month period immediately preceding the filing of his complaint. Here, while plaintiff had submitted a copy of her "inmate cash account file" at the Yakima County Department of Corrections and her "inmate property inventory" form from the Pierce County Detention and Corrections Center, neither of those documents showed the activity and balance of her prison or jail account(s) for the six months immediately proceeding the filing of her complaint.

    In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff, however, had not submitted the written consent required by Local Rule CR 3(b)(2). The court gave plaintiff until January 5, 2006, to correct these deficiencies.

    On December 20, 2005, however, the postal service returned the copy of the court's order that was sent to plaintiff at her last known address. (Dkt. #6). Apparently, plaintiff was no longer at that address, but she did not inform the court of her change of address. Ten days later, the clerk received additional documentation in support of her proposed complaint in an envelope which contained a different return address than the original address she had provided to the court. (Dkt. #7).

    On January 3, 2006, the clerk re-sent the copy of the court's order to show cause to plaintiff at this new address. To date, however, plaintiff still has not responded to the court's order to show cause. The court, nevertheless, shall grant plaintiff one more chance to cure the above deficiencies in her application to

ORDER
Page - 2

proceed *in forma pauperis*.

Accordingly, this court orders the following:

(1) Plaintiff shall seek to cure the above deficiencies by filing **no later than April 7, 2006**, (a) a copy of her prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of her account(s) for the six-month period immediately preceding the filing of her complaint; and (b) a copy of the written consent required by Local Rule CR 3(b).

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The clerk is directed to send a copy of this Order to plaintiff.

DATED this 7th day of March, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3