UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOYCE MICHELLE DYER,

    Plaintiff,

    v.

JANE DOE *et al*.,

    Defendants.

Case No. C05-5693FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**April 28th, 2006**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. On December 20th, 2005 mail sent to plaintiff by the court was returned as undeliverable. (Dkt. # 6). It has been more than sixty days since mail was returned and the court does not have a current address for the plaintiff. The court has attempted to reach plaintiff at more than one address and has not received a response. (Dkt. # 10). The plaintiff appears to have abandoned this action.

### DISCUSSION

Local Rule 41 (b) (2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within

Report and Recommendation- 1

sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41 (b)(2).

### CONCLUSION

The court should dismiss this action as plaintiff has left no forwarding address and appears to have abandoned the case. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 28th, 2006**, as noted in the caption.

DATED this 3rd day of April, 2006.

Karen L. Strombom
United States Magistrate Judge

Report and Recommendation- 2